UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:25-cv-01078-CDB (SS)<br><br>ORDER ON SECOND STIPULATION EXTENDING *NUNC PRO TUNC* DEFENDANT'S TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 16) |

Plaintiff Richard Moore ("Plaintiff") initiated this action with the filing of a complaint on August 27, 2025, seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (Doc. 1). On January 29, 2026, the court granted the parties' first stipulated request to extend time for Defendant to file a response to Plaintiff's pending motion for summary judgment to March 5, 2026. (Doc. 15).

On March 5, 2026—the deadline for Defendant's filing of a response to Plaintiff's motion for summary judgment—Defendant instead filed a second stipulated request for a 28-day extension of the filing deadline to April 2, 2026. (Doc. 16). Counsel for Defendant represents that the extension is necessary to pursue potential settlement of this matter and due to her extremely large workload. *Id.* at 1.

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or

from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d). That rule further provides, "Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."

Here, given the Court granted the parties' first stipulated request for extension, counsel for Defendant's representations that she needs more time due to her "extremely large workload" and to "pursue potential settlement of this matter," it should have become apparent before the March 5, 2026, due date for filing the response to Plaintiff's motion for summary judgment that a further extension was needed. Hence, under Local Rule 144, Defendant was required to file the request for extension of time before now.

The Court disfavors granting *nunc pro tunc* relief and directs Defendant to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that Defendant seeks to extend.

Accordingly, for the reasons set forth in Defendant's stipulation and for good cause shown, IT IS HEREBY ORDERED:

1. Defendant's due date for filing a response to Plaintiff's motion for summary judgment is extended *nunc pro tunc* from March 5, 2026, to **April 2, 2026**;

2. No further extension will be granted without a timely-filed request by one or both parties supported by a showing of good cause; and

3. Any optional reply by Plaintiff shall be filed in accordance with the Court's scheduling order. (Doc. 5 ¶ 5).

IT IS SO ORDERED.

Dated:   **March 6, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2